P. F. SHAFFER, MARY E. SHAFFER AND MARGARET B. LONG, *Appellants,* v. G. E. PICKARD, *Appellee.*

### Opinion filed May 19, 1919·

In partition proceeding under the statute it is not error to decree partition as to all the parties in severalty; but upon proper proceeding the court may decree that partition be made to some of the parties jointly instead of severally.

An Appeal from the Circuit Court for Duval County; Daniel A. Simmons, Judge.

Decree affirmed.

*Axtell & Rinehart,* for Appellants;

*Frank E. Jennings,* for Appellee.

WHITFIELD, J.—In proceedings brought by Pickard against the appellants for the partition of lands, it was prayed "that, in compliance with the law and practice complainant and defendants may be decreed to have their undivided interest in said lands adjudicated and that a partition of his undivided interests in and to the lands herein described set aside to himself in fee simple." A decree *pro confesso* was entered against the defendants for failure to plead.

In due course the court decreed partition in severalty upon a report made by commissioners appointed for that purpose. By petition to vacate the decree of partition the defendants allege that they "had no objection to make to the complainant having a partition of his interest in said lands, as prayed in said bill of complaint, and had no defense to the said bill of complaint and then prayed thereof, in so far as the same sought to have the interest of the complainant partitioned and set aside to him; that for this reason your petitioners made no defense to the said bill of complaint, and a decree pro confesso was regularly entered against them; that your petitioners did not, and do not desire to have their interests in and to said lands partitioned as among themselves, but desire to continue to hold the said lands as tenants in common; that no notice was ever given to your petitioners nor any of them, of any of the aforesaid proceedings in his cause, and especially no notice was given to your petitioners nor any of them that the said commissioners had filed their report and findings in this cause,

and that the decree of this Honorable Court confirming the said commissioners' report was made without any notice being given to your petitioners or any of them that said report had been filed or that said decree was to be made; that the findings of the said Special Master, wherein he found the interest of your petitioners to be each an undivided one-fourth interest, was unauthorized by the order of appointment and by the bill of complaint filed herein, for the reason that the prayer in said bill prayed only that the interest of the complainant in and to the said lands be set apart and partitioned to him, and because your petitioners as defendants had not established their respective shares and interests in and to said lands; that the report of the commissioners and the decree are erroneous in that the partition is in severalty where the bill "prayed only that the interest of said complainant should be partitioned to him."

The petition contains other allegations as to the attorney fee allowed and as to the location of the parcels of land alloted to the defendants being separated, when their desire to hold jointly and their interest would be served by having the lands allotted to the defendants contiguous and not separated.

The prayer is "that in compliance with the law and practice, complainant and defendants may be decreed to have their undivided interest in said lands adjudicated." This authorized the court to decree partition in severalty as to all the parties, even if the statute did not require it in the absence of a request from some of the parties that their interests among themselves be partitioned to them jointly. The attorney fee allowed is not shown to be excessive. As the defendants do not claim that the partition as made is unfair to them; and as their complaint

by petition to vacate the decree is in merit predicated upon a lack of notice of the filing of the report of the commissioners and upon their desire to hold their portions of the lands jointly and not severally, the cause is remanded with leave to the defendants in the suit within thirty days from the filing of the mandate from this Court, to apply to the Chancellor to decree their portions of the lands to be held jointly by them and not severally; and as so modified, the decree to stand affirmed and to be affirmed as it now is if no such application is duly made.

It is so ordered.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.